### CHAMPLIN GARDNER *v.* JOHN WIGHT.

The rule to be derived from the cases of *Gottsberger* v. *Harned*, 2 E. D. Smith, 128, and *Beebe* v. *Roberts, ante,* 194, is, That a defendant, having suffered judgment by default in a justice's court and applying for a new trial under § 366 of the Code, cannot excuse his failure to appear below on the mere unexplained ground that he forgot the return day of the summons; but, That where it clearly appears that his default was occasioned by mistaking the day, from erroneous information or other like cause, this court, in a proper case, may grant relief.

The doctrine, heretofore established by this court, that in order to show " manifest injustice," under that section, the defendant's affidavit—if contradicted by the affiadvit of the plaintiff, and especially if the latter be corroborated—must be sustained by one or more witnesses, stated and applied to this case. (a)

---

(a) See *Gottsberger* v. *Harned*, 2 E. D. Smith, 128 ; and *Van Wyke* v. *Kelly*, note *b*, ib.

Gardner *v.* Wight.

THIS action was brought in the Fifth District Court, by a farmer at Oyster Bay, Long Island, upon a special agreement for keeping a horse.

The case came before this court upon a motion by the defendant, that a judgment by default, rendered against him below, be set aside or suspended, and a new trial ordered.

The application was founded upon the affidavits of the defendant and of his attorney, from which it appeared that the defendant, being engrossed in business as an agent of a screw dock company, and being also pressed by duties as a juror in the court of sessions, mistook, in reading the summons, the return day thereof, and understood the time to be Thursday, the 18th of May, when in fact it was Tuesday, the 16th; that he accordingly directed his attorney to attend on the 18th, which the latter did, and discovered that judgment had already been entered.

The defendant's case, on the merits, rested exclusively upon his own affidavit, and was, that the horse was the property of one Ketchum, with whom, through the defendant as an agent, and not with the defendant personally, the agreement was entered into; that the conditions of the agreement in respect to feeding the horse had not all been complied with; and that the animal had been ill treated and injured by work. A claim for the unlawful use of the horse was also insisted upon in bar of the plaintiff's recovery.

These averments were all controverted by the affidavit of the plaintiff, sustained by affidavits of a servant who had the care of the horse, and of a clerk who was present when the alleged agreement was made.

*Robert G. Pike*, for the defendant.

*Aaron M. Burr*, for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The papers in this case show that judgment was obtained by default; that the neglect to appear was owing to a mistake of the defendant as to the

return day, made in consequence of pressing engagements, and that the defendant told his attorney to appear on a subsequent day.

Upon the merits, it appears by the defendant's affidavit that the horse, for keeping which this action is brought, belonged to Ann Ketchum, and not to the defendant. On the part of the defendant, it also appears that the horse was improperly used, and when returned, had been seriously injured.

The plaintiff shows, by a witness present at the agreement, that the name of Ketchum was not mentioned, but that the defendant engaged to pay for the keeping of the horse at the rate proved on the trial; and by another witness that the horse was not misused, and was in better condition when returned than when brought to him.

We have heretofore held that a mere forgetting of the day of the return is not a sufficient excuse to warrant setting aside a judgment by default (*Beebe* v. *Roberts*, July G. T. 1854); (a) and that the engagements of party or counsel elsewhere would not be a sufficient excuse (*Mulhern* v. *Hyde*, May G. T. 1854); (b) but that when the party had mistaken the day of return, either through wrong information or from other causes, it might be sufficient, if the court was satisfied of the error, and the defendant attended on another day in consequence of such mistake. (*Gottsberger* v. *Harned*, April G. T. 1853, 2 E. D. Smith, 128.)

If it be conceded that under the last cited decision, the error of the defendant might be considered sufficient, still the defendant has not brought his case within the provisions of the 366th section of the Code. In the case last referred to, we also decided that where the defendant rested merely on his own affidavit to show that injustice had been done him, and the allegations on which he rested were denied by the plaintiff and witnesses, his affidavit was not sufficient. Upon the trial the testimony of the witnesses could only be received, and in this case

(a) *Ante*, p. 194.

(b) *Ante*, p. 177. And see *Fowler* v. *Colyer*, 2 E. D. Smith, 125.

the plaintiff's witness swears that he was the only person who was present when the bargain was made. The defendant is contradicted as to his whole defence by the plaintiff and by the plaintiff's witnesses. If· the defendant had any witnesses to prove his case, he should have produced their affidavits on this appeal. If there are none, it would be idle to. open the case merely on his affidavit, when there are witnesses on the other side who entirely disprove the defence. · The weight of testimony here is wholly against the defendant. We cannot, therefore, say that any injustice has been done by the judgment. Especially, where the amount in controversy is small, the judgment below, if regularly obtained, should not be opened to admit a doubtful defence, much less where the whole defence is disproved by witnesses.

Judgment affirmed.